FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 25 2022

TAMMY H. DOWNS, CLERK
By: _____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JONATHAN WALKER and
TABITHA WALKER,

      Plaintiffs,

v.                                   Case No.: 3:22-cv-00045-DPM
                                   JURY DEMANDED

MARTIN TRANSPORTATION
SYSTEMS, INC., and LINDA RIGGS,
as Administrator of the Estate of JEFFERY
RIGGS, deceased,

      Defendants.

This case assigned to District Judge Marshall
and to Magistrate Judge Harris

## COMPLAINT

COME NOW the Plaintiffs, by and through counsel Thomas R. Greer, and for their cause of action against Defendants, state as follows:

### STATEMENT OF THE PARTIES

1.     Plaintiff Jonathan Walker is an adult resident of Crockett County, Tennessee. At all times material hereto, Plaintiff Jonathan Walker was and is married to Plaintiff Tabitha Walker.

2.     Plaintiff Tabitha Walker is an adult resident of Crocket County, Tennessee. At all times material hereto, Plaintiff Tabitha Walker was and is married to Plaintiff Jonathan Walker.

3.     Defendant Martin Transportation Systems, Inc., ("Defendant Martin Transportation") is a corporation with its principal place of business located at 7300 Clyde Park

1

Ave SW, Byron Center, Michigan 49315. Defendant Martin Transportation's registered agent for service of process is Robert C. Shaver, 55 Campau Avenue NW, Suite 300, Grand Rapids, Michigan 49503.

4. The Estate of Jeffery Riggs, deceased, may be served with process by and through its Administrator, Linda Riggs, whose address is 421 Lantana Lane, Saint Peters, Missouri 63376. The Letters of Administration and Notice of Letters of Administration Granted appointing Linda Riggs as Administrator of the Estate of Jeffrey Riggs are attached as Exhibit A.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and because there is complete diversity of citizenship between the Plaintiffs and Defendants.

6. The events complained of herein occurred in Randolph County, Arkansas.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to Plaintiffs' cause of action occurred in this district.

8. The Complaint was filed within the applicable statute of limitations.

9. Defendant Martin Transportation was properly served with process.

10. The Estate of Jeffery Riggs was properly served with process.

## DEFINITIONS

11. Whenever in this lawsuit it is alleged that Defendant Martin Transportation did any act or thing or failed to do any act or thing, it is meant that the officers, agents, or employees of Defendant Martin Transportation performed, participated in, or failed to perform the act or thing while in the course and scope of their employment and or agency with Defendant Martin

Transportation.

## NATURE OF CORPORATE DEFENDANT'S LIABILITY

12. Defendant Martin Transportation is directly liable for its own corporate negligence as well as for the acts and omissions of its servants, employees, and agents by virtue of the doctrine of agency, apparent agency, implied agency, employer/employee relations, master-servant relations, loaned servant relations, joint venture, joint and several liability, respondeat superior, vicarious liability, contract and as a result of its non-delegable duty to comply with both state and federal regulatory schemes.

## FACTUAL ALLEGATIONS

13. This cause of action arises out of a collision between a tractor-trailer operated by Plaintiff Jonathan Walker and a tractor-trailer owned by Defendant Martin Transportation and operated by its employee and/or agent, Jeffery Riggs, acting in the course and scope of his employment and/or agency and in furtherance of the business of Defendant Martin Transportation.

14. The collision occurred on September 28, 2020, at approximately 12:45 p.m., on US Highway 67 North in Randolph County, Arkansas.

15. At said time and place, Plaintiff Jonathan Walker was traveling northbound on US Highway 67 and brought his vehicle to a complete and controlled stop behind traffic that was stopped on the highway due to construction.

16. At said time and place, Jeffery Riggs, acting in the course and scope of his employment and in furtherance of the business of Defendant Martin Transportation, was traveling northbound on US Highway 67 and failed to stop his tractor-trailer and crashed into the back of Plaintiff Jonathan Walker's vehicle.

17. At said time and place, Jeffery Riggs and Defendant Martin Transportation were subject to the Federal Motor Carrier Safety Regulations and the Arkansas Department of Transportation Regulations.

18. At all times material hereto, Plaintiff Jonathan Walker was operating his vehicle in a lawful and prudent manner and was in no way at fault.

19. At the critical time set forth herein, Jeffery Riggs wrongfully, negligently and/or wantonly failed to stop his vehicle and violently crashed into the rear of Plaintiff Jonathan Walker's vehicle.

20. As a direct and proximate result of the aforesaid wrongful, negligent, and/or wanton conduct of Jeffery Riggs, acting in the course and scope of his employment and in furtherance of the business of Defendant Martin Transportation, Plaintiff Jonathan Walker suffered physical injuries that required medical care.

21. As a direct and proximate result of the aforesaid wrongful, negligent, and/or wanton conduct of Jeffery Riggs, acting in the course and scope of his employment and in furtherance of the business of Defendant Martin Transportation, Plaintiff Tabitha Walker suffered from loss of consortium past, present, and future and loss of services of her husband.

22. Plaintiff Jonathan Walker's damages were directly and proximately caused by the aforementioned negligence and wantonness of Jeffery Riggs and were incurred without contributory negligence or assumption of the risk on the part of Plaintiff Jonathan Walker.

## LIABILITY

### COUNT I - NEGLIGENCE/WANTONNESS OF JEFFERY RIGGS

23. Plaintiffs incorporate by reference as if fully set forth verbatim each and every

4

allegation in the Complaint.

24. On September 28, 2020, Jeffery Riggs was operating a tractor trailer in the course and scope of his employment with Defendant Martin Transportation, when he wrongfully, negligently, and/or wantonly failed to stop the commercial motor vehicle causing the vehicle to collide with Plaintiff Jonathan Walker.

25. Jeffery Riggs owed a duty to Plaintiff Jonathan Walker and the public at-large to operate his vehicle reasonably and to use due care while operating his commercial motor vehicle. Jeffery Riggs had a duty to pay attention to traffic, to maintain a proper lookout, to maintain his vehicle at proper and safe speeds, to obey the laws and rules of the State of Arkansas and the Federal Motor Carrier Safety Administration, and to pay full time and attention to the operation of his vehicle and avoid a collision.

26. Jeffery Riggs breached that duty of due care by negligently, recklessly, and/or with wantonness: (1) failing to pay proper attention to the roadway and the traffic; (2) failing to operate his vehicle at a safe speed under the conditions at said time and place; (3) failing to maintain control of his vehicle; (4) failing to control the vehicle in order to avoid a collision, thereby causing a collision with the vehicle operated by Plaintiff Jonathan Walker; (5) failing to keep a proper lookout; (6) failing to avoid a collision; and (7) otherwise failing to obey the laws and rules of the State of Arkansas, the Arkansas Department of Transportation, and the Federal Motor Carrier Safety Regulations.

27. As a direct and proximate cause of the negligence, recklessness, and/or wantonness of Jeffery Riggs, Plaintiff Jonathan Walker suffers from permanent physical injuries, conscious mental anguish, pain and suffering in the past and in the future, past and future medical expenses,

5

and lost wages. Plaintiff Jonathan Walker is entitled to compensatory and punitive damages.

28. As a direct and proximate cause of the negligence, recklessness, and/or wantonness of Jeffery Riggs, Plaintiff Tabitha Walker suffers from loss of consortium past, present, and future and loss of services of her husband.

29. Jeffery Riggs was acting within the course and scope of his employment with Defendant Martin Transportation at the time of the collision. Therefore, Defendant Martin Transportation is vicariously liable for the wrongful, negligent and/or wanton acts of Jeffery Riggs.

## COUNT II - GROSS NEGLIGENCE

30. Plaintiffs incorporate by reference as if fully set forth verbatim each and every allegation in the Complaint.

31. Defendants, at the time and place of the aforementioned collision, operated the commercial motor vehicle in a careless, reckless and unsafe manner, failed to exercise ordinary care and diligence, and further, acted negligently, recklessly, and/or grossly negligent in, including but not limited to, the following respects:

    (a) They failed to keep a proper lookout;

    (b) They failed to maintain proper control of the vehicle so as to avoid a collision; all in total disregard for the safety of Plaintiff Jonathan Walker and those around him;

    (c) They failed to operate the vehicle at a safe and reasonable speed under the circumstances;

    (d) They failed to operate and maintain the vehicle in compliance with Arkansas law and the Federal Motor Carrier Safety Regulations;

    (e) Defendant Martin Transportation, negligently and wantonly entrusted its vehicle to Jeffery Riggs, either with actual or constructive knowledge that he was an incompetent, improperly trained, and unsafe driver and was likely to operate a motor vehicle in a negligent and reckless manner;

  (f) Defendant Martin Transportation negligently or wantonly hired, trained, retained, supervised, and entrusted the vehicle to Jeffery Riggs; and

  (g) Defendant Martin Transportation and Jeffery Riggs negligently and/or wantonly inspected and/or maintained the vehicle driven by Jeffery Riggs.

32. Defendants' conduct constitutes gross negligence, recklessness and/or wantonness, which proximately caused, in whole or in part, the damages to Plaintiff Jonathan Walker, including permanent physical injuries, conscious mental anguish, pain and suffering in the past and in the future, past medical expenses, future expenses and lost wages.

## COUNT III - NEGLIENT HIRING, TRAINING AND SUPERVISION

33. Plaintiffs incorporate by reference as if fully set forth verbatim each and every allegation in the Complaint.

34. Defendant Martin Transportation, prior to and at the time of the accident and at times prior thereto, was/were negligent in its hiring, training and supervision of Jeffery Riggs in that it entrusted its commercial motor vehicle to Jeffery Riggs, either with actual or constructive knowledge that he was an incompetent and unsafe driver and was likely to operate a motor vehicle in a negligent and reckless manner.

35. Defendant Martin Transportation's negligence in hiring, training, and supervision of Jeffery Riggs proximately caused, in whole or in part, the damages to Plaintiff Jonathan Walker, including permanent physical injuries, conscious mental anguish, pain and suffering in the past and in the future, past medical expenses, future expenses and lost wages.

36. Defendant Martin Transportation's negligence in hiring, training, and supervision of Jeffery Riggs proximately caused, in whole or in part, the damages to Plaintiff Tabitha Walker, including loss of consortium past, present, and future and loss of services of her husband.

## COUNT IV - VICARIOUS LIABILITY

37. Plaintiffs incorporate by reference as if fully set forth verbatim each and every allegation in the Complaint.

38. The above-described acts of Jeffery Riggs were committed while he was acting as an agent, servant, and or employee of Defendant Martin Transportation and were committed within the scope of his agency and while furthering the business interests of Defendant Martin Transportation.

39. As principal of Jeffery Riggs, Defendant Martin Transportation is responsible for all of the acts committed by Jeffery Riggs within the scope of his agency, including the truck collision in this case that caused Plaintiff Jonathan Walker's injuries.

## COUNT V - STRICT LIABILITY

40. Plaintiffs incorporate by reference as if fully set forth verbatim each and very allegation in the Complaint.

41. Defendant Martin Transportation is subject to and must operate its commercial motor vehicles in compliance with the Arkansas Motor Carrier Safety Regulations and the Federal Motor Carrier Safety Regulations.

42. Defendant Martin Transportation is financially responsible and therefore, strictly liable, for the negligence, wantonness, or other wrongful acts of all Defendants in this case combined and concurred to cause the injuries and damages as alleged above.

## DAMAGES

43. Plaintiff Jonathan Walker has been damaged and is entitled to recover the following damages:

8

      (A)    permanent physical injuries;

      (B)    conscious mental anguish, pain and suffering in the past and in the future;

      (C)    past and future medical expenses;

      (D)    past and future lost wages;

      (E)    any and all other damages recoverable under the laws of the State of Arkansas.

44.    Plaintiff Jonathan Walker is entitled to punitive damages for the willful, wanton, intentional, reckless, grossly negligent and malicious acts of the Defendants.

45.    Plaintiff Tabitha Walker has been damaged, and is entitled to recover the following damages:

      (A)    Loss of consortium past, present, and future; and

      (B)    Loss of services of her husband.

46.    Plaintiff Tabitha Walker is entitled to punitive damages for the willful, wanton, intentional, reckless, grossly negligent and malicious acts of the Defendants.

## JURY TRIAL

47.    Plaintiff requests trial by jury in this action.

## PRAYER FOR RELIEF

48.    WHEREFORE, Plaintiffs demand judgment against the Defendants in the amounts prayed for and set forth herein, for both compensatory and punitive damages in an amount to be determined by a jury and that exceeds Seventy-Five Thousand Dollars ($75,000.00) together with the costs of this proceeding and for any and all other relief to which they are entitled.

Respectfully submitted.

BAILEY & GREER, PLLC


s/ Thomas R. Greer
Thomas R. Greer (AR Bar. No. 2017005)
6256 Poplar Avenue
Memphis, TN 38119
Phone: (901) 680-9777
Fax: (901) 680-0580
Email: tgreer@baileygreer.com

10